[Cite as *State v. Smith*, 2013-Ohio-4674.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                            :

      Plaintiff-Appellee,          :          No. 13AP-129
                                 (C.P.C. No. 89CR-1002)

v.                                        :
                                 (REGULAR CALENDAR)

Myron Smith,                              :

      Defendant-Appellant.         :

---

D E C I S I O N

Rendered on October 22, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Myron Smith*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1}  Defendant-appellant, Myron Smith, appeals from a judgment entered by the Franklin County Court of Common Pleas denying his September 28 and November 29, 2012 motions for sentencing.  For the following reasons, we affirm.

I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  In 1989, following a jury trial, Smith was convicted of three counts of aggravated murder with death penalty specifications, one count of aggravated robbery, and one count of kidnapping.  The trial court merged the aggravated murder counts and sentenced Smith to life in prison with parole eligibility after 30 years.  The trial court sentenced Smith to 10 to 25 years each on the aggravated robbery and kidnapping counts,

with the sentences to be served consecutively to each other and to the aggravated murder sentence.

{¶ 3}   Smith appealed from the trial court's judgment.  He claimed his sentence was in error since kidnapping was an allied offense of similar import to the aggravated robbery and aggravated murder charges.  We agreed and remanded the matter with instructions to merge the kidnapping conviction with the other convictions, and sentence Smith accordingly.  *State v. Smith*, 10th Dist. No. 90AP-6 (Aug. 28, 1990).

{¶ 4}   On May 15, 1996, the trial court issued a "modified judgment entry of conviction."  The entry provides, in pertinent part:

> 1. The conviction and sentence of ten to twenty-five years entered upon count five of the indictment, the kidnapping charge, an aggravated felony of the first degree, are hereby vacated and held for naught, since it has been determined by the Court of Appeals that the kidnapping conviction is an allied offense of similar import to the convictions of aggravated murder and aggravated robbery pursuant to R.C. 2941.25.
>
> 2. The rest of the sentence imposed in the previously entered judgment of conviction remains unchanged.

(R. 210.)

{¶ 5}   Smith did not file an appeal from the modified sentencing entry.  Instead, on September 28, 2012, 16 years later, he filed a "motion for sentencing."  Smith alleged he was entitled to have the corrected sentence vacated because he was not physically present when the trial court corrected his sentence.  On November 29, 2012, Smith filed an additional "motion for sentencing," contending his sentence is void, it must be vacated, and he is entitled to a new sentencing hearing.  On January 31, 2013, the trial court denied both of Smith's motions, finding a sentencing hearing was not required.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}   Smith appeals from the 2013 common pleas court judgment, asserting three errors for our review:

> ASSIGNMENT OF ERROR NO. 1
>
> Whether a judgment rendered by a court ('on remand') which patently exceeds the limited scope of the appellate court

remand order and instruction, is a mere nullity and must be vacated as a matter of law.

ASSIGNMENT OF ERROR NO. 2

Whether an unexplained and unreasonable delay in *sentencing appellant (exceeding two decades) pursuant to an appellate court remand for *sentencing, divest the trial court of jurisdiction to impose any sentence.

ASSIGNMENT OF ERROR NO. 3

Whether a sentence imposed (6) six years after a 'remand for sentencing order' by this court, in the absence of defendant's presence, Crim. R. 43(A), offends due process and defendant's right to notice.

(Sic passim.) For ease of discussion, we will address Smith's assignments of error together.

## III. DISCUSSION

{¶ 7} Smith's assignments of error essentially challenge the validity of the trial court's 1996 sentencing entry. Plaintiff-appellee, the State of Ohio, asserts Smith's arguments are barred by res judicata. We agree.

{¶ 8} Under the doctrine of res judicata, a final judgment of conviction precludes a defendant from raising and litigating any defense or claimed lack of due process that he could have raised on direct appeal from a judgment. *State v. Slager*, 10th Dist. No. 11AP-794, 2012-Ohio-3584, ¶ 11, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus; *State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466, ¶ 44 ("In Ohio, res judicata bars consideration of issues that could have been raised on direct appeal."). "[T]he res judicata bar applies to any post-judgment proceeding other than the direct appeal challenging a conviction including motions to 'modify' a sentence." *State v. Ayala*, 10th Dist. No. 12AP-1071, 2013-Ohio-1875, ¶ 13; *see also State v. Garnett*, 10th Dist. No. 12AP-594, 2013-Ohio-1210, ¶ 9. Therefore, res judicata bars Smith's claims because he did not raise them in a timely appeal from the 1996 modified sentencing entry.

{¶ 9} Smith argues that res judicata does not bar his claims since his modified sentence is void. Smith is mistaken.

{¶ 10} Smith first contends that his sentence is void because the trial court waited six years before resentencing him. Smith cites Crim.R. 32(A) in support of his position that the trial court's delay divested that court of jurisdiction to impose any sentence. However, the requirement to impose sentence " 'without unnecessary delay is not applicable to resentencings.' " *State v. Easley*, 10th Dist. No. 10AP-352, 2011-Ohio-2867, ¶ 10, quoting *State v. Wright*, 8th Dist. No. 95096, 2011-Ohio-733, ¶ 8.

{¶ 11} Smith further claims that he was entitled to be present when the court sentenced him in 1996. We recognize that a criminal defendant has the right to be present at all stages of the legal proceedings against him. Ohio Constitution, Article I, Section 10; Crim.R. 43. Even if it were error, the trial court's issuance of the modified sentencing entry absent a hearing was harmless. Smith's attorney signed the entry along with the prosecutor, demonstrating both parties were in agreement with the court's judgment. Further, Smith has not demonstrated how his presence at the hearing would have changed the outcome. By vacating the kidnapping charge and leaving the lawful portion of his sentence in tact, Smith is still in a position where the ultimate length of his sentence remained unchanged. *See State v. Morton*, 10th Dist. No. 10AP-562, 2011-Ohio-1488, ¶ 18 ("a defendant's absence in violation of Crim.R. 43(A) can constitute harmless error where he suffered no prejudice, even though such absence was improper"); *State v. Morris*, 10th Dist. No. 10AP-512, 2011-Ohio-5484, ¶ 15 (criminal defendant has a fundamental right to be present at all critical stages of the criminal trial, but the offender's absence does not necessarily result in prejudicial or constitutional error).

{¶ 12} Finally, Smith asserts his sentence is void since the trial court failed to comply with our remand instructions by not merging the kidnapping conviction with the other charges. We need not reach this argument, since "[a] claim of error and failing to merge counts for sentencing purposes is not a 'void sentence' issue." *Ayala* at ¶ 14, citing *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479; *State v. Garnett*, 10th Dist. No. 12AP-594, 2013-Ohio-1210, ¶ 9.

{¶ 13} Res judicata is a complete bar to appellant's claims. Therefore, Smith's first, second and third assignments of error are overruled.

## IV. CONCLUSION

{¶ 14}   For the foregoing reasons, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT, P.J., and TYACK, J., concur.

_____