[Cite as *State v. Miranda*, 2013-Ohio-5109.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-271 |
| | | (C.P.C. No. 11CR-02-687) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Luis A. Miranda, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 19, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Luis A. Miranda*, pro se.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Luis A. Miranda, from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw a guilty plea.

{¶ 2} On February 4, 2011, appellant was indicted on one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, three counts of trafficking in marijuana, in violation of R.C. 2925.03, and three counts of possession of marijuana, in violation of R.C. 2925.11. Also named in the indictment were Hector Martinez, Arnaldo Miranda, and Jermaine Howell.

{¶ 3}   On April 18, 2011, appellant filed a "motion to suppress GPS tracking device surveillance and derivative evidence."   In the accompanying memorandum in support, appellant argued that police officers had placed a GPS tracking device on a Honda pickup truck operated by appellant and others, and that the officers had failed to obtain a warrant authorizing the placement of the device.  On May 11, 2011, the state filed a memorandum contra the motion to suppress, citing *State v. Johnson,* 190 Ohio App.3d 750, 2010-Ohio-5808 (12th Dist.), vacated by *State v. Johnson*, 131 Ohio St.3d 301, 2012-Ohio-975, for the proposition that a law enforcement officer need not obtain a warrant to observe via a GPS device where a driver chooses to drive.  The trial court subsequently denied appellant's motion to suppress.

{¶ 4}   On July 25, 2011, appellant entered a guilty plea to one count of trafficking in marijuana.  The trial court sentenced appellant by entry filed July 26, 2011, and the court entered a nolle prosequi as to the remaining six counts.

{¶ 5}   On August 20, 2012, appellant filed a pro se "motion for reconsideration due to newly interpreted law."   Specifically, appellant cited the recent United States Supreme Court decision in *United States v. Jones,* 132 S.Ct. 945, 949 (2012), in which the Supreme Court held that the government's installation of a GPS device on a defendant's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a "search."

{¶ 6}   On September 24, 2012, the state filed a memorandum contra appellant's motion in which the state argued in part that, regardless of what the merits of appellant's claim would now be under *Jones,* the search was lawful at the time it occurred.  In its memorandum, the state further argued that appellant "could have preserved his Fourth Amendment objection either by going to trial or pleading no contest (assuming the prosecutor would have agreed to a no contest plea) and then argued the merits of his Fourth Amendment claim on direct appeal."   By journal entry filed November 29, 2012, the trial court denied appellant's motion for reconsideration of judgment.

{¶ 7}   On December 13, 2012, appellant filed a pro se motion to withdraw guilty plea, asserting ineffective assistance of counsel.  More specifically, appellant alleged that his counsel failed to inform him that a no contest plea would have preserved for appeal the issue whether the trial court erred in denying his pre-trial motion to suppress GPS

tracking device surveillance.  In his memorandum in support, appellant relied upon the state's argument, in its memorandum contra appellant's motion for reconsideration, that appellant could have preserved his Fourth Amendment objection by pleading no contest and arguing the merits of the Fourth Amendment claim on appeal.  On January 7, 2013, the state filed a memorandum contra appellant's motion.  By decision and entry filed March 1, 2013, the trial court denied appellant's motion to withdraw guilty plea.

{¶ 8}  On appeal, appellant sets forth the following assignment of error for this court's review:

> The trial court abused it's discretion in not holding a hearing on appellant's motion to withdraw his guilty plea.

{¶ 9}  Under his single assignment of error, appellant asserts the trial court erred in denying his motion to withdraw guilty plea without holding a hearing.  Appellant contends that, had he entered a plea of no contest and preserved his right to appeal, his conviction would have ultimately been reversed based upon the Supreme Court's decision in *Jones.*  Appellant maintains he has met his burden of demonstrating prejudice based upon his counsel's failure to advise him with regard to preserving the Fourth Amendment GPS search warrant issue.

{¶ 10} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  A motion by a defendant seeking to withdraw a guilty plea pursuant to Crim.R. 32.1 "is addressed to the sound discretion of the trial court." *State v. Smith,* 49 Ohio St.2d 261 (1977), paragraph two of the syllabus.  Thus, an appellate court will not reverse the denial of a motion to withdraw a guilty plea unless that decision was unreasonable, arbitrary or unconscionable.  *State v. Gordon,* 10th Dist. No. 03AP-490, 2003-Ohio-6558, ¶ 5, citing *State v. Newland,* 113 Ohio App.3d 832, 838 (4th Dist.1996).

{¶ 11} A trial court is not automatically required to conduct a hearing on a post-sentence motion to withdraw a guilty plea.  *State v. Barrett,* 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 9.  Rather, "[a] hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *Id.  See also State v. Vincent,* 4th Dist. No. 03CA2713, 2003-Ohio-3998, ¶ 10 ("a

trial court need only conduct an evidentiary hearing when the facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea was allowed to stand").

{¶ 12} Under Ohio law, "[i]neffective assistance of counsel can constitute manifest injustice sufficient to allow the post-sentence withdrawal of a guilty plea." *State v. Dalton,* 153 Ohio App.3d 286, 2003-Ohio-3813, ¶ 18 (10th Dist), citing *State v. Lake,* 1oth Dist. No. 95APA07-847 (Mar. 28, 1996). In order to prevail on a claim of ineffective assistance of counsel as applied to the plea process, an appellant must show (1) "that counsel's performance was deficient" and (2) "that there is a reasonable probability that, but for counsel's errors, he would not have entered his plea." *State v. Bird,* 81 Ohio St.3d 582, 585 (1998).

{¶ 13} In support of his argument that trial counsel did not advise him regarding a no contest plea, appellant points to a letter he attached to a motion to supplement the record filed with the trial court as part of his motion to withdraw. The letter, addressed to appellant and signed by his trial counsel, states in part:

> Please excuse the delay in responding to your letter. The Assistant Prosecuting Attorney * * * made it very clear to me that a plea of <u>guilty</u> to one count of trafficking in marijuana was a condition of the offer to dismiss the remaining charges. This was consistent with the policy of the Franklin County Prosecutor's Office that if a defendant wishes to plead no contest, he must do so to all counts of the indictment.

> In your case, there was a strong likelihood of a significantly longer prison term if you pled no contest to all counts of the indictment. The entire purpose of the plea bargain was to avoid this risk.

> Keep in mind that if you are permitted to withdraw your guilty plea, all of the dismissed counts of the indictment would be reinstated. It is by no means certain that the ruling in *United States v. Jones,* 132 S.Ct. 1533 (2012) applies to police conduct occurring before the case was decided. *See United States v. Pineda-Moreno,* 688 F.3d 1087, 1090-91 (9th Cir. 2012) (refusing to apply Jones retroactively).

{¶ 14} The state argues that the above letter proffered by appellant indicates the prosecutor was unwilling to agree to a no contest plea to a single trafficking count. The

state further contends there is no evidence in the record that the prosecutor ever extended an offer for a no contest plea to the entire indictment.

{¶ 15} In general, in order to demonstrate that his counsel was ineffective for permitting him to enter a guilty plea, appellant must show: (1) the state would have agreed to a no contest plea on the same terms, (2) appellant's counsel failed to advise him that a no contest plea (in contrast to a guilty plea) would preserve the suppression issue on appeal, and (3) had appellant been so advised, he would have rejected the plea offer. *State v. McGlown,* 2d Dist. No. 25434, 2013-Ohio-2762, ¶ 17.

{¶ 16} The trial court, in denying the motion to withdraw guilty plea, found that appellant "proceeded in July 2011 knowing exactly what he was doing.  There were risks, and rewards, among his various choices but he did not really have an opportunity to obtain the same rewards from a 'no contest' plea that he obtained from his 'guilty' plea." The court noted that appellant, by entering a guilty plea, "eliminated exposure to multiple charges (six were nolled) in this very serious case in which [appellant] was part of a highly organized drug dealing group," and that appellant "knew that he could proceed to trial, but that had he gone forward with trial and lost the court might have imposed a much more lengthy sentence instead due to multiple crimes, rather than merely eight years in prison for one charge."

{¶ 17} The trial court also found that the letter submitted by appellant "undermines" his argument that he could have bargained for a favorable no contest plea. Specifically, the court noted: "Attorney Belli says in the letter that the prosecuting attorney back in July 2011 would only accept a 'guilty' plea, ***not*** *a* 'no contest' plea, in exchange for dismissal of the six remaining criminal charges.  That was standard policy of the Prosecutor's Office." (Emphasis sic.) Thus, the court concluded, appellant's "supposition that had he known more he could have bargained for a 'no contest' plea otherwise on the same terms as his 'guilty' plea simply has no factual basis."

{¶ 18} The record supports the trial court's determination that there is no factual basis for appellant's assumption he could have bargained for reduced charges in exchange for a no contest plea.  As noted by the trial court, the letter from trial counsel, submitted as part of appellant's motion, undermines this claim.  In light of the favorable terms he received, including the nolle prosequi of six counts, appellant's assertion that his counsel's

performance was deficient is without merit. *See State v. James,* 1st Dist. No. C-040376, 2006-Ohio-2478, ¶ 67 (rejecting defendant's claim that trial counsel's performance was deficient in failing to advise him to plead no contest rather than guilty since guilty pleas with agreed sentences would foreclose his right to appeal trial court's denial of suppression motion; nothing in record supported defendant's assumption state would have agreed to reduced charges in exchange for no contest pleas rather than guilty pleas).

{¶ 19} Further, appellant cannot demonstrate deficiency as a result of trial counsel's failure to anticipate, in 2011, the United States Supreme Court's 2012 ruling in *Jones.* In general, trial counsel is not ineffective in "failing to be clairvoyant" about how a court might ultimately rule on a legal issue. *State v. Wallace,* 1st Dist. No. C-77227 (Feb. 15, 1978). At the time of appellant's plea (July 2011), the law was unsettled as to whether the use of GPS tracking devices constituted a search. In 2010, the 12th District Court of Appeals held in *Johnson* that GPS surveillance of a defendant during a criminal investigation did not constitute a search or seizure under the Fourth Amendment. The court in *Johnson* relied in part on similar rulings by federal courts. *See Johnson* at ¶ 26, citing *United States v. Pineda-Moreno,* 591 F.3d 1212, 1215 (9th Cir.2010) (upholding warrantless placement of GPS device on defendant's vehicle on the basis such placement did not constitute a "search"); *United States v. Marquez,* 605 F.3d 604, 610 (8th Cir.2010) (holding that, under the Fourth Amendment, police not required to obtain a warrant to place a GPS tracking device on truck defendant drove in order to record its travels).

{¶ 20} Federal courts have also declined to find deficient performance by defense counsel in failing to anticipate the Supreme Court's decision in *Jones. See Ricks v. United States,* D.C.Md. No. WDQ-12-1368 (Oct. 10, 2013) (trial counsel not ineffective for advising Ricks, five months before *Jones* was decided, that he could not successfully challenge GPS evidence and recommending that he accept a more favorable plea agreement resulting in the government dismissing two counts against him); *United States v. Jesus-Nunez,* M.D.Pa. No. 1:10-CR-017-01 (Jan. 25, 2013) ("Attorney * * * could not be expected to predict that future case law would find that the use of warrantless GPS evidence, such as the type used here, violated the Fourth Amendment"); *United States v. Drayton,* Kan.App. No. 13-3148 (Oct. 9, 2013) (considering, at the time of defendant's

arrest, that the majority of circuit courts that addressed the issue held that no warrant was required for a GPS device, counsel's decision not to file a motion to suppress "was not 'objectively unreasonable.' That the Supreme Court ultimately reached the opposite conclusion in *United States v. Jones* * * * more than one year after Drayton's plea, does not render counsel's performance 'objectively unreasonable' ").[1]

{¶ 21} Based upon the foregoing, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea because of ineffective assistance of counsel. Further, because appellant cannot demonstrate that withdrawal of the plea is necessary to correct a manifest injustice, the trial court did not err in deciding the motion without first conducting an evidentiary hearing. *State v. Buck,* 9th Dist. No. 04CA008516, 2005-Ohio-2810, ¶ 14, quoting *State v. Russ,* 8th Dist. No. 81580, 2003-Ohio-1001, ¶ 12 ("An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the 'record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.' ").

{¶ 22} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

O'GRADY and McCORMAC, JJ., concur.

McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____

[1] Courts have also determined that the holding in *Jones* is not retroactively applicable to a conviction that has become final. *See, e.g., State v. Kelly,* 12th Dist. No. CA2013-01-020, 2013-Ohio-3675, ¶ 24 (defendant not entitled to retroactive application of *Jones;* "It is well-established that a new judicial ruling may be applied only to cases that are pending on the announcement date").