[Cite as *State v. Bryan Hall*, 2014-Ohio-1647.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos. 13AP-747 |
| | | and |
| v. | : | 13AP-994 |
| | | (C.P.C. No. 12CR-2790) |
| Bryan Hall, aka Chance Catudal, | : | |
| aka Bryan Beltran, | | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant. | | |
| | : | |
| | : | |

D E C I S I O N

Rendered on April 17, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Bryan Hall*, aka *Chance Catudal*, aka *Bryan Beltran*, pro se.

APPEALS from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Bryan Hall, aka Chance Catudal, aka Bryan Beltran ("appellant"), appeals a judgment of the Franklin County Court of Common Pleas denying his post-sentence motion to withdraw his guilty plea and judgment denying his second motion to resolve record conflicts. For the reasons that follow, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In June 2012, appellant was indicted on six counts of tampering with records, in violation of R.C. 2913.42, five counts of theft, in violation of R.C. 2913.02, and two counts of passing bad checks, in violation of R.C. 2913.11. In the months that followed, appellant had a conflict with his attorney, so the trial court appointed new

counsel, Larry Thomas, to represent appellant.  In November 2012, the trial court ordered appellant to submit to a competency evaluation.  Ultimately, the trial court found appellant competent and, on July 11, 2013, conducted a hearing on appellant's motion to have Thomas removed as counsel.  During the hearing, appellant decided to keep Thomas as counsel and entered a guilty plea to Count 3 of the indictment, i.e., one of the theft counts.  That same day, the trial court entered a judgment entry finding appellant guilty of Count 3 and sentencing him to 188 days community control with credit for time served.  The court entered a nolle prosequi for the remaining counts of the indictment.  Then, on August 5, 2013, appellant filed a motion to withdraw his guilty plea which the trial court denied without a hearing via entry on August 21, 2013.

{¶ 3}   Subsequently, appellant filed a motion asking this court for leave to file a delayed appeal of the trial court's July 11, 2013 judgment, which we denied.  However, we granted appellant's alternative request to treat his motion for leave as a notice of appeal from the judgment denying his motion to withdraw his plea.  This appeal was assigned case No. 13AP-747.

{¶ 4}   Appellant also filed a motion asking the trial court to resolve certain record conflicts.  Namely, he complained the court reporter omitted three words from a transcript and did not give him copies of exhibits.  The trial court denied the motion.  Then, on October 18, 2013, appellant filed a motion with this court to supplement the record in case No. 13AP-747 complaining several items were missing from it.  On October 23, 2013, appellant filed an amended motion to supplement with a larger list of missing items.  We denied the October 18 motion, and found the October 23 motion and state's memorandum in opposition would be submitted for determination at such time as we addressed the merits of the appeal in case No. 13AP-747.

{¶ 5}   On November 20, 2013, appellant filed a second motion in the common pleas court to resolve record conflicts; appellant complained about the same items listed in the October 23 motion and asked the administrative judge to resolve the matter under Loc.R. 81.04.  The trial court denied the motion.  Appellant's appeal in case No. 13AP-994 stems from that decision.

## II. ASSIGNMENTS OF ERROR

{¶ 6}    Appellant has filed multiple appellate briefs in case No. 13AP-747.  He filed a brief on September 30, 2013 which this court struck.  Then, he filed a second brief on October 1, 2013, and a third brief on November 22, 2013.  This court will treat appellant's most recent brief filed on November 22, 2013 as his appellate brief for case No. 13AP-747 and consider the assignments of error therein.  Accordingly, we strike the brief filed on October 1, 2013.

{¶ 7}    Appellant appeals and assigns seven assignments of error in case No. 13AP-747 for our review:

> 1. The trial court erred when it failed to hold a proper hearing of Defendant-Appellant's _Second Motion to Remove Larry W. Thomas as Counsel_ ("Thomas") on 7/11/13. Failing to do this was a manifest injustice that resulted in Defendant-Appellant believing that his only alternative was to plead guilty.
>
> 2. The trial court erred when it allowed Defendant-Appellant to enter into his guilty plea at the very hearing where he had just unsuccessfully attempted to have Thomas removed via a journalized finding of ineffective assistance of counsel.
>
> 3. Defendant-Appellant suffered ineffective assistance of counsel at the hands of Thomas overall and specifically regarding the guilty plea that he was forced to enter into on 7/11/13.
>
> 4. Thomas and the trial court erred when they failed to fully inform Defendant-Appellant that pleading guilty would jeopardize his _1983 Action_ against employees of GPD.
>
> 5. The Trial Court erred when it failed to hold an evidentiary hearing on Defendant-Appellant's _Motion to Withdraw Guilty Plea_.
>
> 6. The trial court erred when it did not permit Defendant-Appellant's guilty plea to be withdrawn upon learning that Thomas gave Defendant-Appellant incorrect legal advice and flat-out lied about the plea that Defendant-Appellant had entered into. Defendant-Appellant relied upon Thomas's advice to his detriment, which constitutes ineffective assistance of counsel under the two-prong _Strickland Test_. See _Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)._

7. The cumulative effect of the errors committed during the proceedings in _State of Ohio v. Bryan Hall, Case # 12-CR-2790_ ("_State v. Hall_") deprived Defendant-Appellant of even the possibility of receiving a fair and/or speedy trial, e.g., the Supreme Court of Ohio has held, "[A]lthough violations of the Rules of Evidence during trial, singularly, may not rise to the level of prejudicial error, a conviction will be reversed where the cumulative effect of the errors deprives a defendant of the constitutional right to a fair trial." See _State v. DeMarco, 31 Ohio St.3d 191, 509 N.E.2d 1256 (1987)._

Appellant filed a brief in case No. 13AP-994 with one assignment of error:

[8.] The Trial Court erred when it did not allow the Administrative Judge to resolve the record conflict(s).

{¶ 8} For ease of analysis, we will address appellant's assignments of error out of order.

## III. DISCUSSION

### A. _Denial of Motion to Withdraw Guilty Plea_

{¶ 9} Crim.R. 32.1 permits a motion to withdraw a guilty plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "Manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process." _State v. Akbari_, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 6, citing _State v. Chandler_, 10th Dist. No. 13AP-452, 2013-Ohio-4671, ¶ 6. Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.' " _State v. Tabor_, 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 6, quoting _State v. Price_, 4th Dist. No. 07CA47, 2008-Ohio-3583, ¶ 11. "A defendant seeking to withdraw a guilty plea following imposition of sentence bears the burden of establishing manifest injustice with specific facts either contained in the record or supplied through affidavits submitted with the motion." _Akbari_ at ¶ 6, citing _State v. Garcia_, 10th Dist. No. 08AP-224, 2008-Ohio-6421, ¶ 11.

{¶ 10} The trial court has discretion to grant or deny a motion to withdraw a plea. _State v. Smith_, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus; _Chandler_ at ¶ 8. Therefore, our review of the trial court's denial of appellant's post-sentence motion to

withdraw his guilty plea is limited to a determination of whether the trial court abused its discretion. *State v. Conteh*, 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 16. "Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, * * * we note that no court has the authority, within its discretion, to commit an error of law." *Akbari* at ¶ 7, citing *State v. Beavers*, 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8, and *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 11} Under his first assignment of error, appellant contends the trial court erred when it failed to hold a proper hearing on his motion to remove Thomas as counsel, causing appellant to believe he had no choice but to plead guilty. Under his second assignment of error, appellant contends the court erred by permitting him to enter a guilty plea immediately after he unsuccessfully attempted to have Thomas removed via a journalized finding of ineffective assistance of counsel. Appellant claims the court's refusal to conduct an evidentiary hearing on ineffective assistance taught him that "if he did not plead guilty that he was definitely going to prison." (Appellant's brief, 35.) In other words, the court's unwillingness to conduct an evidentiary hearing led him to plead guilty under duress. Because these assignments of error are related, we address them together.

{¶ 12} To the extent appellant generally argues the trial court's failure to conduct an evidentiary hearing on his motion to remove Thomas was error, appellant could have made that argument in a timely direct appeal of the July 11, 2013 judgment entry. Thus, res judicata bars appellant from raising the issue now. *State v. Smith*, 10th Dist. No. 13AP-129, 2013-Ohio-4674, ¶ 8. However, we will address appellant's argument to the extent he contends the court's denial of the hearing led him to plead guilty under duress, i.e., his plea was involuntary.

{¶ 13} At the July 11, 2013 hearing, the trial court informed appellant that he could terminate Thomas but refused to conduct an evidentiary hearing on Thomas' faults. Appellant requested a recess to speak to Thomas. After the recess, appellant told the court he wanted to keep Thomas and enter a guilty plea. Appellant points to no evidence in the record showing he made these decisions under duress. Contrary to appellant's contention, Thomas never "acknowledged" appellant's duress at the July 11 hearing.

Moreover, appellant signed an entry of guilty plea form stating: "I hereby assert that no person has threatened me, promised me leniency, or in any other way coerced or induced me to plead 'Guilty' as indicated above; my decision to plead 'Guilty[ ]' * * * represents the free and voluntarily exercise of my own will and best judgment. I am completely satisfied with the legal representation and advice I have received from my counsel." (R. 120, 2.) Additionally, during the change of plea hearing, the trial court asked appellant: "Is there anybody pressuring you to change your plea?" Appellant responded, "No, sir." Then the court asked appellant: "Are you satisfied as of right now with Mr. Thomas as your lawyer?" Appellant responded, "Completely and totally satisfied, sir." (July 11, 2013 Tr. 19.) The record contradicts appellant's claim of duress due to the trial court's refusal to conduct an evidentiary hearing on ineffective assistance of counsel; therefore, we reject his claim.

{¶ 14} Accordingly, we overrule the first and second assignments of error.

{¶ 15} Under his third assignment of error, appellant contends Thomas rendered ineffective assistance of counsel overall and specifically with regard to the guilty plea. To the extent appellant makes a general ineffective assistance argument, appellant could have made that argument in a timely direct appeal of the trial court's July 11, 2013 judgment entry. Therefore, res judicata bars appellant from raising the issue now. *Smith*, 2013-Ohio-4674, at ¶ 8. However, we will address appellant's contention to the extent he argues ineffective assistance with regard to his guilty plea.

{¶ 16} Under Ohio law, " '[i]neffective assistance of counsel can constitute manifest injustice sufficient to allow the post-sentence withdrawal of a guilty plea.' " *State v. Miranda*, 10th Dist. No. 13AP-271, 2013-Ohio-5109, ¶ 12, quoting *State v. Dalton,* 153 Ohio App.3d 286, 2003-Ohio-3813, ¶ 18 (10th Dist.). "In order to prevail on a claim of ineffective assistance of counsel as applied to the plea process, an appellant must show (1) 'that counsel's performance was deficient' and (2) 'that there is a reasonable probability that, but for counsel's errors, he would not have entered his plea.' " *Id.*, quoting *State v. Bird*, 81 Ohio St.3d 582, 585 (1998).

{¶ 17} Appellant fails to explain how the majority of counsel's purported deficiencies, such as counsel's decision to allow an "unconstitutional bond to go unchallenged," caused appellant to enter a guilty plea. (Appellant's brief, 36.) Appellant

only makes a few arguments arguably related to his plea.  He complains counsel told him if he pleaded guilty to Count 3, the trial court would dismiss the remaining charges with prejudice, as opposed to entering a nolle prosequi.  Evidently, appellant believes the state might try to prosecute him on the nolled charges again in the future. However, appellant did not prove counsel lied through specific facts in the record or an affidavit submitted with his motion to withdraw his guilty plea.  In fact, at the change of plea hearing, the court stated the remaining charges would be "nolled and dismissed"; the court never said the charges would be dismissed with prejudice.  (July 11, 2013 Tr. 20.)  Appellant did not complain about this statement or seek clarification from the court or counsel.

{¶ 18} Appellant also argues that if Thomas was not deficient, the charges in the case would have been severed, the "illegal and unconstitutional" arrest and search and seizure would have been "resolved by the Trial Court," and Count 3 would have been dismissed. (Appellant's brief, 37.)   However, appellant does not elaborate on these contentions in his argument, so this court cannot address them. In his reply brief, appellant suggests Count 3 could have been dismissed because it mirrored Count 6 and this somehow violated his Fifth Amendment rights.  Appellant does not support this argument with any legal authority.   Therefore, appellant has not demonstrated any deficiency in counsel's performance.

{¶ 19} Accordingly, we overrule the third assignment of error.

{¶ 20} Under his fourth assignment of error, appellant suggests his plea was not knowing, voluntary or intelligent because the trial court and Thomas failed to fully inform him that pleading guilty would jeopardize his lawsuit against employees of the Groveport Police Department. However, appellant provides no analysis or citation to legal authority in support of this assigned error, so there is nothing for this court to address. Additionally, appellant did not make this argument in his motion to withdraw his guilty plea.  Even if he did, the transcript of the change of plea hearing contradicts his argument. At the hearing, Thomas notified the trial court he warned appellant a guilty plea could impact appellant's civil lawsuit.  Appellant told the court he understood the warning but disagreed with Thomas.  Accordingly, we reject appellant's argument.

{¶ 21} Accordingly, we overrule the fourth assignment of error.

{¶ 22} Under his sixth assignment of error, appellant contends the trial court should have permitted him to withdraw his plea because Thomas gave incorrect legal advice and lied about the plea, which is ineffective assistance of counsel. Though unclear, appellant is presumably referring to his claim that counsel advised him the counts he did not plead guilty to would be dismissed with prejudice instead of nolled. However, in our discussion of the third assignment of error, we already found appellant did not prove this contention. Appellant also complains Thomas did not make it "crystal clear" that the plea would effect his civil action regarding the Groveport Police Department. (Appellant's brief, 42.)   But, as we explained in our discussion of the fourth assignment of error, appellant did not make this argument in his motion to withdraw his guilty plea.  In any event, the transcript from the change of plea hearing contradicts his argument.

{¶ 23} Accordingly, we overrule the sixth assignment of error.

{¶ 24} Under his fifth assignment of error, appellant contends trial court erred by not conducting an evidentiary hearing on his motion to withdraw his guilty plea. "A trial court is not automatically required to conduct a hearing on a post-sentence motion to withdraw a guilty plea." *Miranda* at ¶ 11, citing *State v. Barrett,* 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 9.  "Rather, '[a] hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea.' " *Id.*, quoting *Barrett* at ¶ 9. The decision whether to hold a hearing on a post-sentence motion to withdraw a guilty plea is left to the trial court's discretion. *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343, ¶ 12, citing *Barrett* at ¶ 10.

{¶ 25} Although the assigned error relates to the trial court's decision to not conduct a hearing on the motion to withdraw, the majority of appellant's arguments do not relate to this issue or the standard set forth above.  For instance, he complains the trial court ignored affidavits submitted with filings unrelated to the motion to withdraw. We will disregard his extraneous arguments and address the assignment of error as written. *See Anderson v. Preferred Title & Guaranty Agency, Inc.*, 10th Dist. No. 13AP-385, 2014-Ohio-561, ¶ 11 (explaining this court rules on assignments of error and not mere arguments).

{¶ 26} The trial court did not conduct a hearing because appellant had not "brought forward anything significant outside the record that existed on July 11, 2013" to

support the motion to withdraw the plea. (R. 157, Journal Entry, 5.) Appellant suggests he was entitled to a hearing because he attached a copy of a July 12, 2013 e-mail to his motion to withdraw. He purportedly sent this e-mail to the trial court on July 12, 2013, and in the e-mail indicates his belief from a discussion with Thomas that all but the third count would be dismissed with prejudice. However, as we explained in our discussion of the third assignment of error, appellant did not support his claim that Thomas lied to him in this regard through specific facts in the record or an affidavit submitted with the motion to withdraw. Moreover, at the change of plea hearing, the trial court told appellant the remaining counts would be nolled, and he did not complain or seek clarification. Given the lack of evidentiary support for appellant's contention that counsel lied to him about the plea, the trial court's decision to deny a hearing was not unreasonable, arbitrary or unconscionable.

{¶ 27} Accordingly, we overrule the fifth assignment of error.

{¶ 28} Under his seventh assignment of error, appellant contends the cumulative effect of the trial court's errors set forth in the first through sixth assignments of error deprived him of the possibility of a fair or speedy trial. Because we failed to find any error in our discussion of appellant's first through sixth assignments of error, we discern no basis for considering the question of cumulative error. *Stanley v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 12AP-999, 2013-Ohio-5140, ¶ 124, citing *State v. Garner*, 74 Ohio St.3d 49, 64 (1995). Thus, we reject appellant's argument.

{¶ 29} Accordingly, we overrule the seventh assignment of error.

{¶ 30} In sum, appellant failed to demonstrate the trial court abused its discretion by denying the motion to withdraw guilty plea or an evidentiary hearing on the motion.[1]

## B. *Denial of the Second Motion to Resolve Record Conflicts*

{¶ 31} Under his eighth assignment of error, appellant complains the trial court erred by denying his second motion to resolve record conflicts. Appellant contends the trial court should have submitted the motion to the administrative judge for a ruling under Loc.R. 81.04. Appellant believes the items at issue in his motion support his appeal

---

[1] In his reply brief, appellant asserts manifest injustice occurred in this case because Bryan Hall is not his real name, and he was held in solitary confinement for five months. Appellant does not elaborate on these arguments and he raised them for the first time in his reply brief. Therefore, we will not address them. *See State v. Shedwick*, 10th Dist. No. 11AP-709, 2012-Ohio-2270, ¶ 6.

of the denial of his motion to withdraw his guilty plea. Even if we ignore the multitude of problems the state highlights with regard to the assigned error, any error by the trial court with regard to its denial of appellant's second motion to resolve record conflicts is harmless.

{¶ 32} With the exception of a recording of his January 5, 2013 competency exam, appellant did not reference any of the missing items he complains about in his motion to withdraw his guilty plea.  This court cannot find the trial court abused its discretion by denying appellant's motion to withdraw his plea based on materials that were not in the record when the trial court ruled on the motion and which appellant made no argument about in his motion.  *See State v. Doyle*, 10th Dist. No. 12AP-567, 2013-Ohio-3262, ¶ 27, citing *Franks v. Rankin,* 10th Dist. No. 11AP-934, 2012-Ohio-1920, ¶ 73 ("Appellate review is limited to the record as it existed at the time the trial court rendered its judgment.").  Moreover, appellant only cited the exam recording in his motion to withdraw as evidence he was competent to stand trial.  There is no question the trial court found him competent; therefore, we fail to see the relevance of the recording to the motion to withdraw.

{¶ 33} Accordingly, we overrule the eighth assignment of error.

### C. *October 23, 2013 Amended Motion to Supplement the Record*

{¶ 34} As a final matter, we deny appellant's October 23, 2013 amended motion to supplement the record in case No. 13AP-747.  In the motion, appellant fails to prove the materials alleged to be part of the record were ever submitted to or considered by the trial court.

## IV. CONCLUSION

{¶ 35} For the foregoing reasons, we deny appellant's October 23, 2013 amended motion, overrule the eight assignments of error, and affirm the judgments of the Franklin County Court of Common Pleas.

*Motion denied; judgments affirmed.*

CONNOR and LUPER SCHUSTER, JJ., concur.

———————————