[Cite as *State v. Callahan*, 2022-Ohio-4103.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 22AP-221 |
| v. | : | (C.P.C. No. 16CR-341) |
| Wendell L. Callahan, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 17, 2022

**On brief:** *Gary Tyack*, Prosecuting Attorney, and *Mark R. Wilson*, for appellee.

**On brief:** *Wendell L. Callahan*, pro se.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, Wendell L. Callahan, pro se, appeals from a March 15, 2022 decision and entry denying his motion for leave for an oral hearing and motion to withdraw his guilty plea.

{¶ 2} For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} By indictment filed March 1, 2016, plaintiff-appellee, State of Ohio, charged appellant with eight counts of aggravated murder in violation of R.C. 2903.01, unclassified felonies (Count One, Two, Four, Five, Six, Seven, Eight, Nine); murder in violation of R.C. 2903.02, an unclassified felony (Count Three); and aggravated burglary in violation of R.C. 2911.11, a felony of the first degree (Count Ten). The charges included eight course of conduct specifications, eight felony murder specifications, six murder to escape specifications, and six victim under age thirteen specifications. The charges related to an

incident on or about January 12, 2016 involving the death of E.H. and her two minor children, A.G. and B.H. On March 4, 2016, appellant entered a plea of not guilty.

{¶ 4} On December 18, 2017, appellant, pursuant to a plea agreement, entered a plea of guilty to three counts of aggravated murder (Counts One, Four, and Seven), and aggravated burglary (Count Ten). The aggravated murder counts did not include the specifications asserted in the indictment. The remaining counts were dismissed nolle prosequi. The parties provided a joint sentence recommendation of 66 years to life, which was adopted by the trial court. Specifically, the trial court sentenced appellant to "TWENTY (20) YEARS TO LIFE ON COUNTS ONE, FOUR AND SEVEN TO BE SERVED CONSECUTIVELY WITH EACH OTHER AND CONSECUTIVE TO SIX (6) YEARS ON COUNT TEN at the OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS." (Capitalization sic.) (Dec. 26, 2017 Jgmt. Entry.) Appellant did not file a direct appeal.

{¶ 5} On July 28, 2021, appellant filed a motion for leave for an oral hearing and motion to withdraw his guilty plea pursuant to Crim.R. 32.1. On August 4, 2021, appellant filed a motion for leave to supplement his motion to withdraw his guilty plea. On August 11, 2021, the state filed a combined motion in opposition to appellant's motions. A reply brief was filed on August 27, 2021. Appellant filed a motion for leave to file an amended motion to withdraw his guilty plea instanter on September 13, 2021. On September 16, 2021, the state filed a memorandum in opposition to appellant's September 13, 2021 motion. A reply brief was filed on October 1, 2021.

{¶ 6} On March 15, 2022, the trial court denied appellant's motion to withdraw his guilty plea and motion for an oral hearing. The trial court first addressed appellant's claim that his prior trial counsel was ineffective based on lack of preparation. The trial court rejected appellant's claim finding the argument lacked merit and his affidavit, attached to the motion, was self-serving. (Mar. 15, 2022 at 4.) The trial court also concluded that appellant's claim of actual innocence was barred by res judicata as appellant had failed to assert this argument in a direct appeal. The trial court provided an alternative analysis that, even if the argument was not barred by res judicata, appellant's claim of actual innocence lacked credibility and was not supported by the evidence.

{¶ 7} Appellant filed a timely notice of appeal on April 6, 2022.

## II.  ASSIGNMENT OF ERROR

{¶ 8}   Appellant assigns the following as trial court error:

1.  Abuse of Discretion

2.  Ineffective Assistance Of Counsel

3.  Cumulative Effect Doctrine

(sic passim.)

## III.  LEGAL ANALYSIS

### A.  Appellant's First Assignment of Error

{¶ 9}   In appellant's first assignment of error, he argues the trial court abused its discretion by failing to hold a hearing regarding his motion to withdraw his guilty plea.

{¶ 10}   Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." It is well-established law that a motion to withdraw a guilty plea after a sentence has been imposed will only be granted in cases of a manifest injustice. *State v. Stumpf*, 32 Ohio St.3d 95, 104 (1987). It is the defendant's burden to demonstrate the existence of the manifest injustice. *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-8139, ¶ 13, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. " 'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *State v. Morgan*, 10th Dist. No. 12AP-241, 2012-Ohio-5773, ¶ 10, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Given the high standard at issue, the granting of a motion to withdraw a guilty plea is only permitted in the most " 'extraordinary of cases.' " *State v. Muscroft*, 10th Dist. No. 20AP-423, 2021-Ohio-3342, ¶ 10, quoting *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 14, quoting *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{¶ 11}   Whether to grant a motion pursuant to Crim.R. 32.1 falls within the sound discretion of the trial court. *State v. Little*, 10th Dist. No. 21AP-272, 2022-Ohio-1295, ¶ 10, quoting *Smith* at paragraph one of the syllabus. " '[T]his court's review of the trial court's denial of a post-sentence motion to withdraw a guilty plea or the decision not to hold a hearing is limited to a determination of whether the trial court abused its discretion.' " *Little*

at ¶ 10, quoting *State v. Chandler*, 10th Dist. No. 13AP-452, 2013-Ohio-4671, ¶ 8, citing *State v. Conteh*, 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 16. A trial court abuses its discretion when the decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} Upon review, we find the trial court's ruling denying appellant's motion for an oral hearing on his motion to withdraw his guilty plea was not an abuse of discretion. First, appellant's claims are precluded under the doctrine of res judicata as they could have been asserted on direct appeal. " 'It is well established by pertinent Ohio case law that claims submitted in support of a Crim.R. 32.1 motion to withdraw plea that could have been raised on direct appeal, but were not raised in direct appeal, are barred by res judicata.' " *State v. Jordan*, 12th Dist. No. CA2014-04-051, 2015-Ohio-575, ¶ 14, quoting *State v. Hendrix,* 12th Dist. No. CA2012-05-109, 2012-Ohio-5610, ¶ 11, quoting *State v. Madrigal*, 6th Dist. No. L-10-1142, 2011-Ohio-798, ¶ 16; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59-60. There is no dispute that appellant failed to file a direct appeal of his conviction and sentence in this case. Because appellant could have raised these issues on direct appeal, but did not, this issue is precluded by res judicata. Arguendo, even if this argument was not barred by res judicata, the record does not support appellant's claim.  Most notably, the motion relies heavily on appellant's self-serving affidavit. The affidavit lacks credibility and is not supported by other available evidence in the record. Without additional evidence to support appellant's claim that a manifest injustice occurred, it is more than reasonable that the trial court did not find it necessary to hold an oral hearing on this matter. " 'An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." ' " *State v. Miranda*, 10th Dist. No. 13AP-271, 2013-Ohio-5109, ¶ 21, quoting *State v. Buck*, 9th Dist. No. 04CA008516, 2005-Ohio-2810, ¶ 14, quoting *State v. Russ*, 8th Dist. No. 81580, 2003-Ohio-1001, ¶ 12. Accordingly, the trial court did not abuse its discretion in denying appellant's motion for an oral hearing on this matter. Appellant's first assignment of error is overruled.

## B.  Appellant's Second Assignment of Error

{¶ 13} In appellant's second assignment of error, he argues the counsel was ineffective by failing to request a competency evaluation or hearing on this issue.

{¶ 14} As an initial matter, we find that, for the first time on appeal, appellant has raised the issue of a competency evaluation. "A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below." *State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, ¶ 10, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). Failure to raise an issue at the trial court level waives it on appeal. *State v. Villareal*, 10th Dist. No. 21AP-588, 2022-Ohio-1473, ¶ 14 (further citation omitted.). Because appellant failed to raise this issue with the trial court, we conclude the issue was waived on appeal.[1] Accordingly, appellant's second assignment of error is overruled.

## C.  Appellant's Third Assignment of Error

{¶ 15} In appellant's third assignment of error, he argues that the cumulative error doctrine warrants withdraw of his guilty plea as these purported errors deprived him of his constitutional rights.

{¶ 16} "Under the doctrine of cumulative error, a conviction will be reversed when the cumulative effect of errors * * * deprives a defendant of the constitutional right to a fair trial even though each of the errors does not individually constitute cause for reversal." *State v. Allen*, 8th Dist. No. 102385, 2016-Ohio-102, ¶ 53. After a review of the entire record as well as consideration of appellant's identified assignments of error, we find no cumulative errors that deprived appellant of his constitutional rights. As such, we find no basis for considering, let alone finding, cumulative error in this case. *State v. Hall*, 10th Dist. No.13AP-747, 2014-Ohio-1647, ¶ 28, citing *Stanley v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 12AP-999, 2013-Ohio-5140, ¶ 124, citing *State v. Garner*, 74 Ohio St.3d 49, 64 (1995) ("Because we failed to find any error in our discussion of appellant's * * *

---

[1] Arguendo, even if the issue was first raised with the trial court, the argument would be precluded by the doctrine of res judicata as appellant could have brought it as part of a direct appeal. *See State v. Taylor*, 10th Dist. No. 19AP-795, 2020-Ohio-4581, ¶ 12 ("[t]his court has consistently applied res judicata to bar a defendant from raising issues in a post-sentence Crim.R. 32.1 motion that were or could have been raised on direct appeal.") (Internal citations omitted.)  Regarding the substance of appellant's claim, we are also unpersuaded that appellant's argument has merit as his brief fails to identify any evidence in the record that demonstrates a competency hearing was appropriate in this case.

assignments of error, we discern no basis for considering the question of cumulative error.") *Hall* at ¶ 28

{¶ 17}  As such, appellant's third assignment of error is overruled.

## IV.  CONCLUSION

{¶ 18} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT, and JAMISON, JJ., concur.

————————————