[Cite as *State v. Carter*, 2016-Ohio-8150.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104351**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DARNELL F. CARTER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-582508-A, CR-14-583209-A,
CR-14-583775-A, and CR-14-585343-A

**BEFORE:** Stewart, J., Kilbane, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 15, 2016

**FOR APPELLANT**

Darnell F. Carter, pro se
Inmate No. 660-778
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, OH 43950


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Amy Venesile
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Darnell F. Carter appeals from an order of the trial court denying his petition for postconviction relief. For the reasons that follow, we reverse and remand for an evidentiary hearing.

{¶2} On August 14, 2014, Carter pled guilty to single counts of aggravated robbery in four separate cases. As part of the plea, the state agreed to a sentence consisting of consecutive two-year prison terms on each offense. Carter did not directly appeal his convictions.

{¶3} In March 2015, Carter filed a timely, pro se "petition to vacate or set aside judgment of conviction R.C. 2953.21," and requested an evidentiary hearing. In his petition, Carter argued that he was denied his Sixth Amendment right to effective assistance of counsel at the plea hearing. Carter claimed that he informed his counsel on several occasions that he did not commit the aggravated robberies, that he was being framed by his ex-girlfriend who was angry about problems in their relationship, and that he wanted to invoke his right to a jury trial and prove his innocence. According to the petition, defense counsel induced Carter to waive his right to a jury trial after advising him of "an incorrect legal rule of law." Specifically, Carter contends that defense counsel told him that the state was not obligated to prove every element of the aggravated robbery offenses because he had a previous conviction for aggravated robbery in another case, which if proven by the state, would be sufficient on its own to meet the state's burden of proof on the current charges. In his petition, Carter explained that his counsel's performance fell below an objective standard of reasonableness due to counsel's misstatement of the law, and that had counsel not misinformed him, he would have rejected the plea deal and insisted on going to trial. According to Carter, the state did not have any evidence connecting him to the crimes beyond his ex-girlfriend's testimony, the credibility of which would have been significantly impeached on cross-examination.

{¶4} Two months after filing his petition, Carter filed a motion for summary judgment in support of which he attached his own, duly notarized, affidavit swearing that

the facts as alleged in his petition and reiterated therein, were true and accurate. The state did not respond to Carter's initial petition or his motion for summary judgment. Nevertheless, the court denied the petition on May 8, 2015, stating,

> Defendant's motion to vacate or set aside judgment of conviction is denied. The defendant entered a plea of guilty to the charges in this matter following a thorough rule 11 plea colloquy.

Carter, still acting pro se, appealed to this court. On appeal, the state filed a motion to dismiss on the grounds that the order denying the petition was not a final appealable order because the trial court failed to issue findings of fact and conclusions of law. We granted the state's motion to dismiss on the authority of *State v. Hostacky*, 8th Dist. Cuyahoga No. 101282, 2015-Ohio-419, which states that appellate courts lack jurisdiction to consider postconviction appeals where the trial court does not issue its findings and conclusions. *Accord* R.C. 2953.21(C).

{¶5} On October 26, 2015, Carter filed a pro se motion asking the trial court to issue findings of fact and conclusion of law so that he could continue his appeal. Without explanation, the trial court denied his request. Carter again asked the court to issue the required findings of fact and conclusions of law by filing a second motion on November 20, 2015. The court denied his request a second time. On February 5, 2016, Carter filed a complaint with this court seeking a writ of mandamus to compel the trial court to issue its findings and conclusions. On March 2, 2016, the prosecutor's office filed a general pleading with the trial court, proposing what the prosecutor believed should be the court's findings of fact and conclusions of law in the case. On March 29,

2016, the trial court issued the requested findings and conclusions. In doing so, the court adopted the prosecutor's proposed findings and conclusions, wholesale. Immediately thereafter, the state filed a motion for summary judgment in the writ action, asking this court to deny the writ as moot since the trial court completed the requested actions. We granted the state's motion for summary judgment and denied the writ as moot.

{¶6} The court's findings and conclusions explained that Carter could not establish ineffective assistance of counsel, because he "fail[ed] to submit any kind of supplemental evidence supporting his claim" that defense counsel coerced his guilty plea by misrepresenting the law. The findings stated that Carter "[did] not offer any evidentiary support reflecting such actions," and intimated that Carter's petition contained nothing more than "unsupported accusations." Moreover, the court cited to *State v. Eggleton*, 8th Dist. Cuyahoga Nos. 63390 and 63391, 1994 Ohio App. LEXIS 237, 84 (Jan. 27, 1994), for the proposition that

> [w]hen the record reflects compliance with Ohio Crim.R. 11 and petitioner fails to submit evidentiary documents to overcome that record, the post-conviction relief petition fails to show sufficient facts to establish an involuntary guilty plea.

The court concluded that Carter "was fully aware and knowingly, intelligently, and voluntarily entered into his plea," that "the court properly instructed and verified that [Carter] was aware and knowledgeable about the consequences of his plea," that there was no evidence that Carter was prejudiced by his attorney, and that Carter "pleaded

guilty properly pursuant to Ohio Crim.R. 11." For these reasons, the court stated it was proper to dismiss the petition without a hearing. Carter filed the instant appeal.

{¶7} In his first assignment of error, Carter maintains that he was denied his right to the effective assistance of counsel that caused him to make an unknowing, unintelligent, and involuntary plea. We interpret this argument to mean that the court abused its discretion in concluding that counsel was not ineffective. In his second assignment of error, Carter argues that the court erred in denying his petition without an evidentiary hearing. We address Carter's second assignment of error first.

{¶8} In reviewing the denial of a petition for postconviction relief, this court has previously stated:

> A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 1992 Ohio 130, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Where a defendant has entered a guilty plea, the defendant can prevail on an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty to the offenses at issue and would have insisted on going to trial. *Williams* at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

*State v. Vinson*, 8th Dist. Cuyahoga No. 103329, 2016-Ohio-7604, ¶ 30.

{¶9} Postconviction petitioners are not guaranteed an evidentiary hearing. *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 29. Instead, before a court may grant a hearing on the petition, the court must first review the petition to

determine whether it alleges substantive grounds for relief. R.C. 2953.21(C). In reviewing the petition, the court must consider the petition and supporting affidavits, other documentary evidence submitted, and all records pertaining to the proceedings against the petitioner. *Id.* at ¶ 29, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 410, 639 N.E.2d 67 (1999), paragraph two of the syllabus. In postconviction cases alleging ineffective assistance of counsel, "'[t]he petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness,'" before a hearing may be granted. *Calhoun* at 283, citing *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus. In making its decision on whether to grant a hearing, the court has full authority to weigh the credibility of the evidence submitted and discount it accordingly. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 52. A trial court's decision to deny an evidentiary hearing in postconviction proceedings is entitled to deference, therefore an appellate court will not reverse the decision but for an abuse of discretion. *Id.* at ¶ 51.

{¶10} There are several reasons we believe the trial court abused its discretion by declining to hold an evidentiary hearing in this case. To begin, in denying Carter's petition without a hearing, the court relies heavily on the fact that it engaged Carter in the required Crim.R. 11 colloquy prior to his entering a plea. Although we are without a transcript of the plea hearing, the fact that the court conducted a proper Crim.R. 11 colloquy, by itself, does not obviate Carter's claims of being prejudiced by the ineffective

assistance of counsel.   Carter's claims are founded on the allegation that counsel told him that the state did not have to prove every element of the offenses charged because of his prior aggravated robbery conviction.   According to Carter, counsel caused him to believe that the state could meet its burden of proof on the charges simply by proving his prior conviction.   We agree with Carter's argument that even if the record reflects that the court conducted a proper Crim.R. 11 colloquy, it would not have alerted him to counsel's alleged misstatements of law.

{¶11} Although Crim.R. 11 does require that the court advise the defendant that the state must prove the defendant's guilt beyond a reasonable doubt, the rule does not require the court to explicitly advise the defendant that the state must meet its burden of proof on *every single element* of the offenses.   Certainly courts may go beyond the required advisements to give more clarification regarding the state's burden of proof; however, the court did not state in its findings and conclusions that it did so here.   Thus, even if we presume regularity of the Crim.R. 11 colloquy, without more information from the trial court concerning exactly what was explained to the defendant, it cannot be said that the court's Crim.R. 11 advisements cured trial counsel's alleged deficient performance.   *Accord State v. Ayesta*, 8th Dist. Cuyahoga No. 101383, 2015-Ohio-1695, ¶ 19, 20 (concluding that although the trial court correctly advised the defendant pursuant to R.C. 2943.031(A) that there "may" be immigration consequences associated with his plea, such advisement did not cure the prejudice associated with defense counsel's alleged failure to advise the defendant of the "mandatory" deportation consequences of

his plea). Accordingly, by referencing Crim.R. 11, it appears that the court did not fully appreciate the nuances of Carter's argument.

**{¶12}** Second, the trial court repeatedly states that Carter has failed to provide evidentiary support for his allegations of ineffective assistance of counsel. This is simply not true. In support of his petition, Carter filed an affidavit swearing that his attorney gave him incorrect legal advice concerning the state's burden of proof, and that had counsel advised him correctly, he would have insisted on going to trial on the charges. Thus, the affidavit established claims of ineffective assistance of counsel, principally: 1) counsel's performance fell below an objective standard of reasonableness, and 2) a reasonable probability that but for counsel's errors, the results of the proceeding would have been different (i.e., Carter would have gone to trial). *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶13}** While we acknowledge that self-serving affidavits present credibility issues, and we have on numerous occasions affirmed the denial of postconviction hearings on that basis, *see e.g.*, *State v. Cody*, 8th Dist. Cuyahoga No. 102213, 2015-Ohio-2764, ¶ 33-35, we have never taken the position that self-serving affidavits are not evidence. In fact, the Ohio Supreme Court has explained that even self-serving affidavits are more or less credible depending on the circumstances of the case and facts in the record. *See Calhoun*, 86 Ohio St.3d 279, 285, 714 N.E.2d 905. Thus, because Carter submitted evidence outside the record in the form of his affidavit, and the affidavit supported his

allegation of ineffective assistance of counsel, the court had a duty to consider the affidavit and determine its credibility based on other facts in the record. *See Broom,* 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, at ¶ 29; *see also Calhoun* at 285.

{¶14} We are not convinced that the trial court conducted a review of the record sufficient to determine the credibility of Carter's affidavit. Our conclusion on this point is informed by the summary nature in which the court originally denied Carter's petition and the fact that Carter had to file two motions and a writ of mandamus before the trial court issued its findings of fact and conclusions of law.

{¶15} Moreover, there were several errors in the court's findings of fact and conclusions of law that were not corrected from the prosecution's proposed entry. One obvious error in the trial court's entry was the finding that Carter's two-year sentence on each count ran concurrently. Carter received an agreed upon sentence that included two-year prison terms on each offense to run consecutively, not concurrently. Other errors evidenced a confusion over which court — the trial court or this court — dismissed the first appeal, and the dates in which Carter filed certain motions. Additionally, the prosecutor's proposed findings and conclusions that were adopted by the court contained incomplete citations to cases. This calls into question whether the court independently researched those authorities. In postconviction cases, courts have an obligation to review the entire record before making a decision. *Broom* at ¶ 29. Accordingly, misstatements of law and/or fact in the court's judgment entry, tend to undermine the court's ruling.

*Accord State v. Wilson*, 2d Dist. Montgomery No. 16524, 1998 Ohio App. LEXIS 366, *11-12 (May 14, 1998).

{¶16} Lastly, the record shows that Carter did not take a direct appeal in this case and has been representing himself throughout the postconviction process. Carter filed a motion on March 12, 2015, asking the trial court for the appointment of counsel to represent him during the proceedings. Carter explained in his motion that he was indigent and currently serving his sentence at the Belmont Correctional Facility, which made it difficult for him to depose his trial attorney or get his attorney to file an affidavit supporting his petition. Carter's motion for appointment of counsel was denied. Although there is no right to counsel in postconviction proceedings, Carter's request for counsel may offer some context for why he only submitted his own affidavit in support of his petition, and leaves open the possibility that a hearing would produce further evidence to aid the court in its decision. *See Broom* at ¶ 31 (explaining that a postconviction evidentiary hearing might be necessary where the "hearing would aid the court in resolving the legal questions before it.").

{¶17} Because we are not satisfied that the trial court understood the basis of Carter's petition nor conducted an independent review of the record before denying Carter's petition without a hearing, we sustain the second assignment of error. Having determined that the court should hold an evidentiary hearing on the petition, we decline to review Carter's first assignment of error.

{¶18} Judgment reversed and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)

SEAN C. GALLAGHER, J., DISSENTING:

{¶19} I respectfully dissent. The majority injects a new review standard into postconviction proceedings, focusing on whether the appellate court is convinced that the trial court sufficiently reviewed the record before issuing the findings of fact and conclusions of law. Our review in this case is limited to determining whether the trial court abused its discretion in denying the motion for postconviction relief without a hearing based on the findings of fact and conclusions of law that have not been objected to by the defendant. On March 2, 2016, the state filed proposed findings of fact and conclusions of law with no objection from Carter under Loc.R. 19(A) of the Court of Common Pleas of Cuyahoga County, General Divsion. I would find there was no error in the conclusions of law as presented by the trial court. The trivial typographical errors

in the findings of fact regarding dates and the clearly consecutive nature of the final sentences are insufficient to find an abuse of discretion when none of those errors affect the trial court's legal conclusion.

{¶20} The trial court has full authority to weigh the credibility of evidence submitted for the purpose of determining whether a hearing is necessary. The trial court in this case did just that and deemed Carter's affidavit to be self-serving and incredible based on the lack of corroborating evidence. This is a proper standard of review for the trial court.

{¶21} In this case, the trial court presided over Carter's criminal proceedings. A trial court may go so far as to "deem affidavit testimony to lack credibility without first observing or examining the affiant. That conclusion is supported by common sense, the interests of eliminating delay and unnecessary expense, and furthering the expeditious, administration of justice." *State v. Hines*, 8th Dist. Cuyahoga No. 89848, 2008-Ohio-1927, ¶ 10, quoting *Calhoun*, 86 Ohio St.3d 279, 284, 714 N.E.2d 905. As the panel concluded in *Hines,* the fact that the defendant is unable to corroborate his affidavit testimony is sufficient grounds to deem the affidavit incredible and deny the defendant an evidentiary hearing. *Id.* The trial court in this case reached the same conclusion after having reviewed the record and the filed evidence. A defendant's own self-serving affidavit alleging a coerced guilty plea is insufficient to rebut a record that showed the voluntariness of the plea. *Wilson*, 8th Dist. Cuyahoga No. 72740, 1998 Ohio App. LEXIS 2174, *13 (May 14, 1998).

{¶22} I would follow our precedent and find that the trial court in this case did not abuse its discretion in finding the affidavit unreliable, the only evidence submitted to substantiate grounds for relief.

{¶23} The defendant has not provided a transcript of his sentencing for appellate review and in the absence of the transcript, we must presume regularity and that Crim.R. 11 was fully satisfied. Carter cannot even begin to argue error on appeal when we cannot determine whether he is able to rebut the record in the first place. As a result, I would affirm.