[Cite as *State v. Johnson*, 2019-Ohio-1259.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

STATE OF OHIO                                     :
                                                  :
    Plaintiff-Appellee                :     Appellate Case No. 2018-CA-27
                                                  :
v.                                                :     Trial Court Case Nos. 2015-CR-159 &
                                                  :                            2015-CR-219
WILLIAM FREDERICK JOHNSON                          :
                                                  :     (Criminal Appeal from
    Defendant-Appellant               :      Common Pleas Court)
                                                  :

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of April, 2019.

. . . . . . . . . .

SAMUEL ADAM USMANI, Atty. Reg. No. 0097223, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

WILLIAM FREDERICK JOHNSON, #720-843, P.O. Box 120, Lebanon, Ohio 45036
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} William Frederick Johnson appeals pro se from the trial court's judgment overruling his post-sentence motion to withdraw his guilty pleas under Crim.R. 32.1. We conclude that the trial court did not err when it overruled the motion, and we affirm.

## I. Facts and Procedural History

{¶ 2} In November 2015, Johnson was sentenced to a total of 90 months in prison after pleading guilty to safecracking and petty theft in Champaign C.P. No. 2015-CR-159 and to attempted burglary, three counts of breaking and entering, and carrying a concealed weapon in Champaign C.P. No. 2015-CR-219. Over two years later, in June 2018, Johnson filed a pro se motion to withdraw his guilty pleas. He claimed that his pleas were not voluntary, because his attorney failed to raise unspecified mental-health issues, represented to him that he would receive a four-year prison sentence, and failed to advise him that he could appeal his sentence. Johnson also claimed that his sentence was void because, among other reasons, the trial court erred by concluding that the three breaking-and-entering offenses were not allied offenses and erred by imposing a prison term for petty theft, a first-degree misdemeanor. The trial court denied the motion without a hearing.

{¶ 3} Johnson appeals.

## II. Analysis

{¶ 4} Johnson assigns three errors to the trial court. The first assignment of error argues that the trial court should have allowed him to withdraw his pleas based on ineffective assistance of counsel. The second assignment of error argues that the trial

court should have held an evidentiary hearing on the motion to withdraw. The third assignment argues that his sentence was void.

### A. Post-sentence plea withdrawal

{¶ 5} The first assignment of error alleges:

The Trial Court erred with dismissal of the claim of Ineffective Assistance of Counsel as improper basis for seeking post-sentence withdrawal of guilty plea.

{¶ 6} "On appeal, a trial court's decision on a post-sentence motion to withdraw a guilty plea is reviewed for abuse of discretion." (Citations omitted.) *State v. Hamed*, 2d Dist. Greene No. 2016-CA-27, 2017-Ohio-1071, ¶ 7.

{¶ 7} " 'Crim.R. 32.1 permits a court, upon motion, to set aside a defendant's conviction and permit the defendant to withdraw his or her plea of guilty or no contest after sentence has been imposed in order "to correct manifest injustice." The manifest injustice standard demands a showing of extraordinary circumstances.' " (Citations omitted.) *State v. Reed*, 2d Dist. Clark No. 01CA0028, 2001 WL 1173329, *4 (Oct. 5, 2001). " 'Ineffective assistance of counsel can constitute manifest injustice sufficient to allow the post-sentence withdrawal of a guilty plea.' " *State v. Banks*, 2d Dist. Montgomery No. 25188, 2013-Ohio-2116, ¶ 9, quoting *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 18 (10th Dist.). " '[T]he defendant must show that counsel's ineffectiveness affected whether the defendant made a knowing and voluntary plea.' " *Id.*, quoting *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15 and 03 CO 31, 2004-Ohio-1548, ¶ 3.

{¶ 8} Johnson claims that the trial court should have permitted him to withdraw his

plea because his attorney provided ineffective assistance by failing to raise mental-health issues. The trial court noted that the record shows that Johnson was admitted to the Twin Valley Behavioral Health Center on October 14, 2015, after he exhibited suicidal tendencies while receiving unspecified medical treatment, and that he stayed at the facility for approximately 20 days. The record also shows that Johnson's sentencing hearing was continued from November 19, 2015 to November 24, 2015, after he complained of being "shaky" and that he "didn't feel right." But the trial court said that Johnson did not explain how or why suicidal tendencies exhibited before his admission to Twin Valley affected his ability to knowingly and voluntarily plead guilty over a month later. Several appellate courts have held that a suicide attempt, when it is not coupled with any other evidence of incompetence, does not warrant the conclusion that a defendant did not knowingly and voluntarily enter a guilty plea. *E.g., State v. Wise*, 11th Dist. Trumbull No. 2012-T-0028, 2012-Ohio-4896, ¶ 19; *State v. Thayer*, 6th Dist. Erie No. E-08-059, 2009-Ohio-5198, ¶ 60; *State v. Robinson*, 8th Dist. Cuyahoga No. 89136, 2007-Ohio-6831, ¶ 28.

{¶ 9} Johnson also claimed that his decision to plead guilty was premised on his attorney's representation that he would receive only a four-year prison sentence. The trial court found Johnson's claim that he was promised a particular sentence to be undercut by the plea agreement that Johnson and his attorney signed stating, "No threats have been made to me. No promises have been made to me by anyone except as part of the plea agreement * * *." Lastly, Johnson claimed that his attorney failed to advise him that he could appeal his sentence. The trial court rejected this claim too, pointing out that the judgment entry stated that Johnson had been duly advised of his appeal rights.

{¶ 10} As the trial court pointed out, there was little evidence supporting Johnson's claims that he received ineffective assistance of counsel. Johnson did not submit an affidavit in support of his claims, only his statements in the motion to withdraw. "[W]here nothing in the record supports a defendant's claim that his plea was not knowingly and voluntarily made other than his own self-serving affidavit or statement, the record is insufficient to overcome the presumption that the plea was voluntary." (Citation omitted.) *State v. Laster*, 2d Dist. Montgomery No. 19387, 2003-Ohio-1564, ¶ 8; *Banks,* 2d Dist. Montgomery No. 25188, 2013-Ohio-3813, 793 N.E.2d 509, at ¶ 10 (quoting the same).

{¶ 11} The trial court did not err by rejecting Johnson's ineffective-assistance claims.

{¶ 12} The first assignment of error is overruled.

### B. Evidentiary hearing

{¶ 13} The second assignment of error alleges:

The Trial Court erred not holding an evidentiary hearing on the post-sentence motion to withdraw the guilty pleas.

{¶ 14} "[A]n evidentiary hearing is not required on every post-sentence motion to withdraw a plea. The movant must establish a reasonable likelihood that withdrawal of his plea is necessary to correct a manifest injustice before a trial court must hold a hearing on his motion." (Citation omitted.) *State v. Stewart*, 2d Dist. Greene No. 2003-CA-28, 2004-Ohio-3574, ¶ 6. "[N]o hearing is required on a post-sentence motion to withdraw a plea where the motion is supported only by the movant's own self-serving affidavit, at least when the claim is not supported by the record." *Id.*

{¶ 15} As we said, Johnson did not submit an affidavit, and there is little, if any,

evidence in the record supporting his ineffective-assistance claims. Johnson says that the trial court should have held an evidentiary hearing so that he could prove that his attorney was ineffective. But "[a]n argument grounded on matters outside the record can only be addressed by a post conviction relief motion." *Laster*, 2d Dist. Montgomery No. 19387, 2003-Ohio-1564, at ¶ 8; *see also Banks*, 2d Dist. Montgomery No. 25188, 2013-Ohio-2116, at ¶ 12 ("matters outside the record must be addressed in a post-conviction relief motion"). "[T]he availability of the post [conviction relief] route removes claims based on matters outside the record from the form of extraordinary circumstances demonstrating a manifest injustice." *Id.* Accordingly, a court is not required to hold an evidentiary hearing on a Crim.R. 32.1 motion so that evidence outside the record can be presented when the motion and record do not present a reasonable likelihood of a manifest injustice.

{¶ 16} There is no evidence in the record that supports Johnson's claim that his guilty pleas were involuntary, other than his own statements. "When reviewing a post-sentence motion to withdraw a plea, a trial court may assess the credibility of a movant's assertions, and an evidentiary hearing is not always required in order to do so." (Citations omitted.) *Stewart* at ¶ 10. Johnson failed to establish a reasonable likelihood that withdrawal of his plea was necessary to correct a manifest injustice, so the trial court did not abuse its discretion by overruling without a hearing his post-sentence motion to withdraw his plea.

{¶ 17} The second assignment of error is overruled.

### C. Void sentence

{¶ 18} The third assignment of error alleges:

> The Trial Court erred not accepting the post-sentence motion to

withdraw a void sentence under Crim.R. 32.1.

{¶ 19} In this assignment of error, Johnson argues that his 90-month prison sentence was void because: 1) several offenses should have been merged for sentencing purposes under R.C. 2941.25, 2) a prison term cannot be imposed for a petty-theft offense.

{¶ 20} Johnson contends that the trial court erroneously concluded that the two offenses in Case No. 2015-CR-159 (safecracking and petty theft) were not allied offenses and that the three breaking-and-entering offenses in Case No. 2015-CR-219 were not allied offenses. He further appears to contend that the trial court imposed the consecutive sentences for the three breaking-and-entering offenses without making the findings required under R.C. 2941.25(B). But "the trial court's failure to find that the offender has been convicted of allied offenses of similar import, even if erroneous, does not render the sentence void." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 24. Moreover, "when a trial court finds that convictions are not allied offenses of similar import, * * * imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata." *Id.* at ¶ 26. Johnson failed to raise these issues in a timely appeal, so they are barred by res judicata.

{¶ 21} Whether the trial court could impose a prison term for misdemeanor petty theft is academic in this case because the court did not impose a prison term. The sentencing entry plainly shows that the court imposed a five-month concurrent *jail* term.

{¶ 22} The third assignment of error is overruled.

### III. Conclusion

{¶ 23} We have overruled all three of the assignments of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies sent to:

Samuel Adam Usmani
William Frederick Johnson
Hon. Nick A. Selvaggio