[Cite as *State v. Muscroft*, 2021-Ohio-3342.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 20AP-423 |
| | | (C.P.C. No. 93CR-6736) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| James E. Muscroft, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 23, 2021

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Taylor M. Mick*, for appellee.

**On brief:** *Rhys B. Cartwright-Jones*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, James E. Muscroft, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to vacate his guilty plea. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On February 11, 1994, pursuant to a plea agreement with plaintiff-appellee, State of Ohio, Muscroft entered a guilty plea to two counts of third-degree felony gross sexual imposition in violation of R.C. 2907.05. The trial court sentenced Muscroft to two years in prison but later granted him shock probation. Muscroft successfully completed his shock probation in June 1999.

{¶ 3} More than 17 years after entering his guilty plea, Muscroft filed a motion on September 13, 2011 for leave to withdraw his guilty plea. Muscroft, a Canadian citizen with

non-citizen lawful permanent resident status in the United States, argued that at the time he entered his guilty plea, he was not notified of the consequences that the plea would have on his immigration status. The trial court conducted a hearing and granted Muscroft's motion to withdraw his plea.

{¶ 4} Subsequently, on September 19, 2012, Muscroft entered an amended guilty plea to one count of the stipulated lesser-included offense of aggravated assault in violation of R.C. 2903.12 and 2907.05, a fourth-degree felony. The amended guilty plea form contained a statement that "I am not a citizen of the United States of America. I understand that if I am not a citizen of the United States, my conviction of the offense to which I am pleading guilty may have the consequences of deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States." There is a hand-drawn star next to the written statement regarding the citizenship and immigration consequences. The statement also contains Muscroft's signature immediately below acknowledging the statement. The trial court accepted Muscroft's amended guilty plea and sentenced Muscroft to four months in prison, suspended for time served.

{¶ 5} More than seven years after his amended guilty plea, Muscroft again filed a motion to withdraw his guilty plea on February 5, 2020. In his second motion to withdraw, Muscroft argued his counsel during the 2012 plea proceedings also failed to advise him that there could be adverse immigration repercussions stemming from his guilty plea. Specifically, Muscroft noted he has elderly siblings who live in Canada and he was not aware that his guilty plea may affect his ability to visit them and subsequently re-enter the United States. In support of his motion to withdraw his guilty plea, Muscroft submitted an affidavit from his new counsel which stated:

> Prior to [the September 19, 2012 plea], Muscroft addressed the issue of immigration consequences with his trial attorney. His recollection is that his attorney did not advise or counsel him that there would or could be any repercussions regarding his immigration status pertaining to exiting and reentering the US border. This is of concern to him – and was then – since his brother and two sisters, both Canadian, are now in their late 80's and early 90's, he would like to be able to visit them and return.

(Cartwright-Jones Aff. at ¶ 8.)

{¶ 6} The state filed a memorandum contra Muscroft's motion to withdraw his guilty plea, arguing that the attorney's affidavit is hearsay, is vague, and lacks credibility. The state further argued that even if the trial court were to accept the affidavit, Muscroft nonetheless failed to demonstrate he received the ineffective assistance of counsel during his 2012 plea proceedings.

{¶ 7} In an August 12, 2020 decision and entry, the trial court denied Muscroft's motion to withdraw his guilty plea. Specifically, the trial court concluded that even if it were to consider Muscroft's current counsel's affidavit, Muscroft failed to demonstrate that his prior counsel's performance was deficient. Additionally, the trial court found Muscroft could not demonstrate he suffered any prejudice from his prior trial counsel's performance. Finally, the trial court determined that because Muscroft presented insufficient evidence to show his former counsel was deficient or that he suffered prejudice, Muscroft was not entitled to a hearing on his motion to withdraw. Muscroft timely appeals.

## II. Assignment of Error

{¶ 8} Muscroft assigns the following error for our review:

> The trial court's denial of Appellant's Motion to Vacate Guilty Plea based upon ineffective assistance of counsel is a manifest unjustice [sic] due to the immigration repercussions of the guilty plea.

## III. Discussion

{¶ 9} In his sole assignment of error, Muscroft argues the trial court erred in denying his motion to vacate his guilty plea.

{¶ 10} Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, a trial court may allow a post-sentence withdrawal of a guilty plea only to correct a manifest injustice. *State v. Morris*, 10th Dist. No. 19AP-152, 2019-Ohio-3795, ¶ 11. A defendant seeking a post-sentence withdrawal of a guilty plea bears the burden of establishing the existence of a manifest injustice. *Id.*, citing *State v. Morgan*, 10th Dist. No. 12AP-241, 2012-Ohio-5773, ¶ 11. The term " '[m]anifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of

justice or is inconsistent with the demands of due process.' " *Morgan* at ¶ 10, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Further, "the term 'has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases.' " *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 14, quoting *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{¶ 11} The decision to grant or deny a motion to withdraw a guilty plea made under Crim.R. 32.1 rests within the sound discretion of the trial court, and we will not disturb that decision absent an abuse of discretion. *Morris* at ¶ 12, citing *Morgan* at ¶ 11. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} "Ineffective assistance of counsel may constitute manifest injustice requiring post-sentence withdrawal of a guilty plea." *State v. Tovar*, 10th Dist. No. 11AP-1106, 2012-Ohio-6156, ¶ 9, citing *State v. Yahya*, 10th Dist. No. 10AP-1190, 2011-Ohio- 6090, ¶ 9. A defendant seeking to withdraw his or her guilty plea based on ineffective assistance of counsel must show that (1) counsel's performance was deficient, and (2) there is a reasonable probability that, but for the counsel's errors, the defendant would not have agreed to plead guilty. *State v. Hernandez*, 10th Dist. No. 11AP-202, 2011-Ohio-5407, ¶ 13, citing *State v. Xie*, 62 Ohio St.3d 521, 524 (1992); *Strickland v. Washington*, 466 U.S. 668 (1984).

{¶ 13} Muscroft argues his counsel from his 2012 plea proceedings was deficient in failing to properly advise him of the potential adverse immigration consequences of his plea. To determine whether counsel was deficient, the court must consider whether Muscroft's counsel satisfied his duty to advise his client regarding the immigration consequences. *Padilla v. Kentucky*, 559 U.S. 356, 367 (2010). As the Supreme Court of Ohio has recently noted, when the immigration consequence " 'is truly clear, * * * the duty to give correct advice is equally clear.' " *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, ¶ 23, quoting *Padilla* at 369. However, "immigration law can be complex, and the deportation consequences of a particular plea will not always be so clear." *Romero* at ¶ 26. Where the immigration consequences of a plea are less clear, "counsel 'need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences.' " *Id.*, quoting *Padilla* at 369.

{¶ 14} We note that the state reiterates the argument it made to the trial court that Muscroft's counsel's affidavit is insufficient as it relies on hearsay to describe Muscroft's recollections of his 2012 plea proceedings. However, even if we were to consider the affidavit, we agree with the trial court that Muscroft failed to satisfy the first prong of the *Strickland* test. In reviewing the affidavit, the trial court noted that this was the second time Muscroft had asked the court to vacate his guilty plea, and both requests involved the immigration consequences of his plea. The trial court found it "hard to believe" that Muscroft's 2012 counsel would file a motion asking the court to vacate Muscroft's original guilty plea for failure to inform Muscroft of the immigration consequence of the plea only to then fail to advise Muscroft of the immigration consequences of his amended plea. (Aug. 12, 2020 Decision & Entry at 5.) We find no abuse of discretion in the trial court's determination of the credibility of Muscroft's claim that his 2012 counsel did not advise him of the possible immigration consequences of his plea. *Romero* at ¶ 34 ("[t]he credibility and weight of the defendant's assertions in support of a motion to withdraw a plea and the decision as to whether to hold a hearing are matters entrusted to the sound discretion of the trial court"), citing *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{¶ 15} Additionally, we agree with the trial court that Muscroft failed to demonstrate he suffered prejudice under the second prong of *Strickland*. As the trial court noted, Muscroft did not submit any evidence indicating that had he been informed of the immigration consequences of his guilty plea, he would not have entered the plea and would have insisted on proceeding to trial. *State v. Bozso*, 162 Ohio St.3d 68, 2020-Ohio-3779, ¶ 29-30 ("[w]hen a defendant claims that he would not have entered a guilty plea but for the ineffective assistance of counsel, the prejudice inquiry 'focuses on a defendant's decisionmaking,' " and since "Bozso presents no contemporaneous evidence that but for his counsel's erroneous advice, he would have made a different decision * * * there is nothing in the record to suggest that Bozso did not understand the trial court's advisement that entering a guilty plea could result in deportation") (internal citations omitted). Additionally, the amended guilty plea form explicitly states Muscroft was made aware of the immigration consequences of his plea, and the hand-drawn star and his signature acknowledging that information undercut Muscroft's assertion that he did not understand this statement. *See Romero* at ¶ 33 (noting that although a trial court's advisement of

immigration consequences does not cure counsel's deficient performance under the first prong of *Strickland*, such an advisement about potential immigration consequences "may weigh against a finding of prejudice" under the second prong of *Strickland*). Thus, Muscroft did not satisfy his burden of demonstrating a manifest injustice. *Morris* at ¶ 11.

{¶ 16} Because Muscroft did not demonstrate he received the ineffective assistance of counsel when he entered his 2012 guilty plea, the trial court did not abuse its discretion in denying his post-sentence motion to withdraw his plea. Accordingly, we overrule Muscroft's sole assignment of error.

## IV. Disposition

{¶ 17} Based on the foregoing reasons, the trial court did not abuse its discretion in denying Muscroft's post-sentence motion to withdraw his guilty plea. Having overruled Muscroft's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and JAMISON, JJ., concur.