[Cite as *State v. Cardona*, 2024-Ohio-5696.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                          :

    Plaintiff-Appellee,            :              No. 24AP-266
                                                        (C.P.C. No. 15CR-1345)
v.                                      :

                                                        (REGULAR CALENDAR)
Angel D. Cardona,                       :

    Defendant-Appellant.           :

---

D E C I S I O N

Rendered on December 5, 2024

---

**On brief:** *Dave Yost*, Attorney General, and *Adriana Bures Rodriguez*, for appellee.

**On brief:** *The Tyack Law Firm, Co., L.P.A.*, *James P. Tyack*, and *Kelsey A. Kornblut*, for appellant. **Argued:** *Kelsey A. Kornblut*.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Angel D. Cardona, appeals from a judgment entry of the Franklin County Court of Common Pleas denying Cardona's motion to withdraw his guilty plea. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} By indictment filed March 19, 2015, plaintiff-appellee, State of Ohio, charged Cardona with one count of workers' compensation fraud in violation of R.C. 2913.48, a fourth-degree felony; and one count of theft in violation of R.C. 2913.02, a fourth-degree felony. Cardona initially entered a plea of not guilty.

{¶ 3} Subsequently, on September 22, 2015, the trial court conducted a plea hearing, and Cardona entered a guilty plea to the stipulated lesser-included offense of workers'

compensation fraud as a fifth-degree felony. Cardona indicated on the plea form he was not a citizen of the United States, and he signed his name under the statement "pleading guilty may have consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (Entry of Guilty Plea at 2.) The trial court sentenced Cardona the same day following the joint recommendation of the parties and imposing a sentence of four years of community control under basic supervision and restitution in the amount of $83,892.86 to the Bureau of Workers' Compensation. Cardona remained on community control until July 31, 2020 when the trial court terminated his community control as unsuccessful.

{¶ 4} More than eight years later, Cardona filed a motion to withdraw his guilty plea on January 10, 2024. In his motion, Cardona argued he received the ineffective assistance of counsel when he entered his plea, resulting in a manifest injustice. The state opposed Cardona's motion in a January 26, 2024 memorandum contra.

{¶ 5} On April 8, 2024, the trial court issued a judgment entry denying Cardona's motion to withdraw his guilty plea without holding a hearing. The trial court determined Cardona failed to establish either that his counsel during the plea proceedings was ineffective or another basis demonstrating the existence of a manifest injustice. Cardona timely appeals.

## II. Assignments of Error

{¶ 6} Cardona assigns the following three assignments of error for our review:

> I. The lower court abused its discretion by determining that Defendant-Appellant Cardona failed to establish the existence of a manifest injustice relative to the September 22, 2015 plea, conviction, and sentence.
>
> II. The lower court abused its discretion by determining that Defendant-Appellant Cardona failed to establish that his defense counsel was ineffective as it relates to the September 22, 2015 plea, conviction, and sentence.
>
> III. The lower court abused its discretion by not holding a hearing on the January 10th Motion Pursuant to Rule 32.1 of the Ohio Rules of Criminal Procedure.

### III.  First and Second Assignments of Error – Motion to Withdraw Guilty Plea

{¶ 7}   Cardona's first two assignments of error are interrelated, and we address them jointly.  In his first assignment of error, Cardona argues the trial court abused its discretion in determining he failed to demonstrate a manifest injustice related to his September 22, 2015 guilty plea.  In his second assignment of error, Cardona argues the trial court abused its discretion in determining Cardona did not demonstrate his counsel was ineffective during the September 22, 2015 guilty plea hearing.  Taken together, these assignments of error assert the trial court abused its discretion in denying Cardona's motion to withdraw his guilty plea.

{¶ 8}   Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  Thus, a trial court may allow a post-sentence withdrawal of a guilty plea only to correct a manifest injustice.  *State v. Morris*, 10th Dist. No. 19AP-152, 2019-Ohio-3795, ¶ 11.  A defendant seeking a post-sentence withdrawal of a guilty plea bears the burden of establishing the existence of a manifest injustice.  *Id.*, citing *State v. Morgan*, 10th Dist. No. 12AP-241, 2012-Ohio-5773, ¶ 11.  The term " '[m]anifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' "  *Morgan* at ¶ 10, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5.

{¶ 9}   The decision to grant or deny a motion to withdraw a guilty plea made under Crim.R. 32.1 rests within the sound discretion of the trial court, and we will not disturb that decision on appeal absent an abuse of discretion.  *Morris* at ¶ 12, citing *Morgan* at ¶ 11.  An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable.  *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980); *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Cardona first argues the trial court abused its discretion when it determined he did not demonstrate the existence of a manifest injustice from his guilty plea.  Cardona asserts a manifest injustice exists because his criminal conviction resulting from the plea may lead to his imminent removal from the United States.

{¶ 11} A trial court accepting a guilty plea from a noncitizen must give the statutory advisement contained in R.C. 2943.031(A). *State v. Sow*, 10th Dist. No. 17AP-772, 2018-Ohio-

4186, ¶ 12, citing *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, paragraph one of the syllabus.  Pursuant to R.C. 2943.031(A), prior to accepting a guilty plea to a felony, a trial court must advise a noncitizen defendant: "If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶ 12} The record indicates Cardona signed the guilty plea form indicating he was a noncitizen, and, as noted above, the guilty plea form contained language that his plea could have adverse consequences to his immigration status, including deportation, exclusion from admission to the country, and denial of naturalization.  Additionally, during the plea hearing, the trial court engaged in the following exchange with Cardona:

> THE COURT: And are you a citizen of the United States?
>
> THE DEFENDANT:  No.
>
> THE COURT:  As you're not a citizen of the United States, you're hereby advised that conviction of the offense to which you're pleading guilty may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
>
> Do you understand that?
>
> THE DEFENDANT:  Yes.

(Sept. 22, 2015 Tr. at 4.)  Thus, the trial court provided the advisement contained in R.C. 2943.031(A).

{¶ 13} Despite the language in the plea form and the trial court's advisement during the plea hearing, Cardona nonetheless argues on appeal he demonstrated a manifest injustice sufficient to withdraw his guilty plea.  Cardona asserts a manifest injustice exists because he did not know or understand the specific mechanisms, codified in the United States Code, through which his guilty plea could have future adverse consequences on his immigration status.  To the extent Cardona argues the trial court should have provided him more specific information, prior to accepting his plea, of the various ways a guilty plea to his specific offense could result in adverse immigration consequences in the future, he points to no authority indicating the trial court bears such responsibility before accepting the plea.  Instead, R.C.

2943.031(A) provides a specific advisement for the trial court to give to noncitizen defendants, and the trial court provided the advisement to Cardona. As the trial court during the plea proceedings complied with the statutory requirement of R.C. 2943.031(A), we find no abuse of discretion in the trial court determining Cardona's immigration consequences did not demonstrate a manifest injustice.

{¶ 14} Cardona next argues that even if the immigration consequences, themselves, did not create a manifest injustice, the trial court nonetheless abused its discretion in denying his Crim.R. 32.1 motion to withdraw based on the ineffective assistance of counsel. Ineffective assistance of counsel can constitute manifest injustice to support the withdrawal of a guilty plea pursuant to Crim.R. 32.1. *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, ¶ 18 (10th Dist.). To prevail on a claim of ineffective assistance of counsel, a defendant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. When a defendant seeks to withdraw a guilty plea based on ineffective assistance of counsel, the defendant must show: (1) his counsel's performance was deficient, and (2) a reasonable probability that, but for counsel's errors, he would not have entered the guilty plea. *State v. Johnson*, 10th Dist. No. 21AP-427, 2023-Ohio-3897, ¶ 18, citing *State v. Taveras*, 12th Dist. No. CA2016-06-054, 2017-Ohio-1496, ¶ 17; *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, ¶ 15-16.

{¶ 15} Cardona asserts he received the ineffective assistance of counsel during the plea proceedings because his counsel failed to fully advise him of all potential immigration consequences of a guilty plea. In *Romero*, the Supreme Court of Ohio held that a noncitizen defendant can show deficient performance from counsel's failure to properly advise him of the risk of deportation as a result of the plea. *Romero* at ¶ 15, 26-27 ("[w]e recognize that the *Padilla*—and now, *Romero*—standard requires defense counsel to understand the immigration consequences of a guilty plea"), citing *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). In his affidavit supporting his motion to withdraw his guilty plea, Cardona averred his counsel during the plea proceedings "never advised [him] as to the specific consequences a 'guilty plea' might have upon [his] immigration status." (Cardona Aff. at ¶ 4.) Though the trial court provided Cardona the advisement in R.C. 2943.031(A), "that generalized warning

does not replace counsel's duty to advise his client of the consequences of his guilty plea." *Romero* at ¶ 20, citing *Sow*, 2018-Ohio-4186, at ¶ 14 ("the attorney's breach of duty is not cured by the trial court's compliance with R.C. 2943.031").

{¶ 16} The state suggests Cardona's affidavit is insufficient to demonstrate deficient performance because of its self-serving nature. *See*, *e.g.*, *State v. Johnson*, 2d Dist. No. 2018-CA-27, 2019-Ohio-1259, ¶ 10 ("[w]here nothing in the record supports a defendant's claim that his plea was not knowingly and voluntarily made other than his own self-serving affidavit or statement, the record is insufficient to overcome the presumption that the plea was voluntary") (further quotations and citations omitted). We note, however, that while a "self-serving" affidavit is subject to a credibility determination by the trial court, it must still be given due consideration as evidentiary material in support of the Crim.R. 32.1 motion. *State v. Norris*, 8th Dist. No. 107894, 2019-Ohio-3768, ¶ 25, quoting *State v. Carter*, 8th Dist. No. 104351, 2016-Ohio-8150, ¶ 13 (" 'even self-serving affidavits are more or less credible depending on the circumstances of the case and facts in the record' "), citing *State v. Calhoun*, 86 Ohio St.3d 279, 285 (1999); *State v. Miller*, 12th Dist. No. CA2016-01-007, 2016-Ohio-7360, ¶ 14, fn. 1 (a defendant's affidavit supporting a motion to withdraw a guilty plea "is not disqualified merely because it is 'self-serving.' Rather, an affidavit properly characterized as 'self-serving' is subject to the analysis established by the Ohio Supreme Court in *Calhoun* to determine the weight to which it is entitled"). *See also Kiser v. United Dairy Farmers*, 10th Dist. No. 22AP-539, 2023-Ohio-2136, ¶ 22, 24 (" 'self-serving' testimonial evidence that conforms to [evidentiary requirements] must be considered * * * and treated as any other evidence in the record"), citing *Hood v. Diamond Prods.*, 74 Ohio St.3d 298, 304 (1996). Thus, we reject the state's contention that Cardona's affidavit is disqualified merely for being self-serving.

{¶ 17} The state additionally argues the affidavit lacks credibility because Cardona stated at the plea hearing he understood the charges against him and was satisfied with his counsel's representation. However, we need not definitively determine whether Cardona's affidavit establishes his counsel was deficient because we find the trial court did not abuse its discretion in concluding Cardona did not demonstrate the requisite prejudice.

{¶ 18} To establish prejudice under *Romero*, Cardona must show " 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial.' " *Romero* at ¶ 16, quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In his affidavit supporting his motion to withdraw his guilty plea, Cardona does not state that he would not have entered the plea had he known of the immigration consequences. Instead, he averred "had the Court and/or [counsel during the plea proceedings] informed me of the specific consequences of my guilty plea and the imposed sentence might have upon my immigration status, I would have consulted an immigration attorney before entering the plea." (Cardona Aff. at ¶ 6.) Though Cardona asks this court to assume it is likely he would not have entered the plea had he known of the deportation risk, it is a defendant's burden to demonstrate the requisite prejudice under *Strickland* and *Romero* through specific facts in the record or through affidavits attached to the motion to withdraw the plea. *State v. Muscroft*, 10th Dist. No. 20AP-423, 2021-Ohio-3342, ¶ 15 (appellant "did not submit any evidence indicating that had he been informed of the immigration consequences of his guilty plea, he would not have entered the plea and would have insisted on proceeding to trial"), citing *State v. Bozso*, 162 Ohio St.3d 68, 2020-Ohio-3779, ¶ 29-30; *State v. Jackson*, 10th Dist. No. 13AP-289, 2013-Ohio-4064, ¶ 7 (on a motion to withdraw a guilty plea based on the alleged ineffective assistance of counsel, "[a] criminal defendant 'bears the burden of establishing a manifest injustice based on specific facts in the record or facts supplied through affidavits attached to the motion' "), quoting *State v. Sansone*, 10th Dist. No. 11AP-799, 2012-Ohio-2736, ¶ 7. Here, Cardona did not demonstrate, through facts in the record or those supplied in his affidavit, a reasonable probability that, but for his plea-stage counsel's errors, he would not have pleaded guilty but would have insisted on going to trial.

{¶ 19} Because Cardona did not demonstrate that but for counsel's alleged deficiencies he would not have entered a guilty plea, the trial court did not abuse its discretion in denying Cardona's Crim.R. 32.1 motion to withdraw his guilty plea based on the alleged ineffective assistance of counsel. *Muscroft* at ¶ 16. Having additionally determined Cardona did not demonstrate the existence of a manifest injustice from the plea, itself, we overrule Cardona's first and second assignments of error.

## IV. Third Assignment of Error – Denial of Motion Without a Hearing

{¶ 20} In his third and final assignment of error, Cardona argues the trial court erred in denying his motion to withdraw his plea without holding a hearing.

{¶ 21} A trial court is not required to hold a hearing on a post-sentence motion to withdraw a guilty plea. *State v. Rembert*, 10th Dist. No. 16AP-543, 2017-Ohio-1173, ¶ 20, citing *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343, ¶ 11. Instead, "[a] hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *Spivakov* at ¶ 11, citing *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 9.

{¶ 22} Here, Cardona failed to allege facts in support of his motion sufficient to demonstrate the requisite prejudice under *Romero* and *Strickland* to substantiate his claim of ineffective assistance of counsel during the plea proceedings. Though Cardona asks this court to remand the matter for a hearing so he can provide testimony to demonstrate such prejudice, a defendant cannot wait until the hearing to demonstrate the basis for the motion; instead, to be entitled to a hearing, the motion and supporting affidavit first must allege sufficient facts that, if true, would require the defendant be allowed to withdraw the plea. *State v. Mobley*, 10th Dist. No. 18AP-23, 2018-Ohio-3880, ¶ 31. Because Cardona did not allege facts demonstrating that, but for his counsel's errors he would not have entered the guilty plea, the trial court did not abuse its discretion in denying Cardona's motion to withdraw his guilty plea without first holding a hearing.

{¶ 23} We overrule Cardona's third and final assignment of error.

## V. Disposition

{¶ 24} Based on the foregoing reasons, the trial court did not abuse its discretion in denying Cardona's post-sentence motion to withdraw his guilty plea without a hearing. Having overruled Cardona's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL, P.J., concurs.
EDELSTEIN, J., concurring separately.

EDELSTEIN, J., concurring.

{¶ 25} I concur with the majority's disposition of Cardona's assignments of error but write separately to address an argument raised by the state concerning the deficient performance prong of Cardona's ineffective assistance of counsel claim.

{¶ 26} The state argues Cardona's affidavit lacks credibility because he had the assistance of an interpreter during his plea hearing and he stated during the hearing and by signing the plea form that he understood the charges against him and was satisfied with his counsel's representation. (*See* Appellee's Brief at 12-14.) As the majority noted, we need not address this argument because Cardona's affidavit was insufficient to establish prejudice under *Strickland. See Strickland*, 466 U.S. at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice * * * that course should be followed"). That said, I write separately to address my concern with this argument.

{¶ 27} While Cardona may have had the assistance of an interpreter during his plea and sentencing proceedings, understood the charges against him, was satisfied with his counsel's representation at the time he entered his guilty plea, and was aware of the ***possibility*** of immigration consequences, I don't believe any of that is relevant to determining whether the statements in his affidavit made years later—presumably after he learned of the certain immigration consequences he would face—are sufficient to establish his counsel's deficient performance.

{¶ 28} During his plea and sentencing hearing, Cardona heard the statutorily mandated warning that pleading guilty "***may*** have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (Emphasis added.) (Sept. 22, 2015 Hearing Tr. at 4.) *See* R.C. 2943.031. And the plea form he signed similarly apprised him of the general ***possibility*** of immigration consequences arising from pleading guilty. (*See* Sept. 22, 2015 Entry of Guilty Plea at 2.)

{¶ 29} But Cardona is not arguing his counsel was deficient for failing to mention the possibility of immigration consequences, nor is he claiming his plea was not knowing and intelligent on that basis. Instead, he is arguing his counsel's performance was deficient because the immigration consequences from his plea were clear and therefore his attorney was required to provide accurate and specific information to him. (*See, e.g.*, Reply Brief at 14.)

{¶ 30} Pursuant to *Padilla* and its progeny, such an allegation, if true, would establish deficient performance. *See Padilla* at 368 ("[W]hen the deportation consequence is truly

clear, * * * the duty to give correct advice is equally clear."); *Romero* at ¶ 24-25. Therefore, the relevant questions, as I see it, are not whether he understood the charges against him, whether he was satisfied with his attorney's representation, or even whether he knew he ***might*** face immigration consequences. Rather, *Padilla* requires a court to consider whether the immigration consequences of a guilty plea were "succinct, clear, and explicit," and, if so, whether counsel affirmatively advised Cardona of those consequences. *Padilla* at 381.

{¶ 31} Again, although we are not required to consider this question at all due to the above-described insufficiency of Cardona's affidavit, I think it is necessary to call attention to an argument that appears to be inconsistent with *Padilla*, *Romero*, and their progeny.

———————————